Bethany Star Niman
ISB 12641
1999 S. 25th East
Ammon, ID 83406
208-223-1618
Bethany.Niman@StarLawID.com

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SARAH WOLFE,<br><br>　　　Plaintiff,<br><br>vs.<br><br>IDAHO DEPARTMENT OF HEALTH AND WELFARE; CANYON COUNTY; MONTE HENDERSON, in his individual and official capacities; MCKENNA LOWRY, in her individual and official capacities; TINA GRIFFIN, in her individual and official capacities;<br><br>　　　Defendant. | CASE NO.<br><br>COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF<br>(42 U.S.C. § 1983 – Civil Rights Violations)<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Sarah Wolfe, through undersigned counsel Bethany Star Niman of Star Law, PLLC, brings this civil rights action against state and local actors for egregious violations of her constitutional rights resulting from the unlawful and coercive removal of her minor children, in violation of the Fourth, First, and Fourteenth Amendments to the United States Constitution, and alleges as follows:

**I. JURISDICTION AND VENUE**

1. This action arises under 42 U.S.C. § 1983 and the United States Constitution.
2. Jurisdiction is conferred upon this Court under 28 U.S.C. §§ 1331 and 1343.
3. Venue is proper in this Court under 28 U.S.C. § 1391(b), as all events occurred in Canyon County, Idaho.

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**
**(42 U.S.C. § 1983 – Civil Rights Violations)**

## II. PARTIES

4. **Plaintiff Sarah Wolfe** is a resident of Canyon County, Idaho, and the biological mother of minor children D.Y. and R.Y.
5. **Defendant Monte Henderson** is an IDHW employee who at all relevant times acted under color of state law.
6. **Defendant McKenna Lowry** is an IDHW employee responsible for preparing and submitting investigatory reports to the court.
7. **Defendant Tina Griffin** is a supervisory employee of IDHW who authorized or ratified unconstitutional conduct by subordinate staff.
8. **Defendant Idaho Department of Health and Welfare (IDHW)** is a state agency responsible for child welfare services and the actions of its employees.
9. **Defendant Canyon County** is a political subdivision of the State of Idaho responsible for the oversight of law enforcement who participated in and enabled the violations at issue.

## III. INTRODUCTION AND FACTUAL ALLEGATIONS

10. Plaintiff brings this civil rights complaint following an unlawful and prolonged separation from her minor children, imposed without judicial review or justification, based solely on coercive agency practices unsupported by court orders, warrants, or exigent circumstances.
11. This separation — which lasted over thirteen months — was enforced through a "Safety Plan" coerced under threat of foster placement, biased investigations that ignored exculpatory evidence, and systemic agency practices which recent national legal scholarship identifies as endemic within family policing systems.
12. Defendants' actions are part of a documented pattern of constitutional abuse within child protective services, including unlawful removals, warrantless searches, and coercion without judicial oversight, as recognized in numerous federal cases and legal analyses.

### A. Unsubstantiated Referrals and Coerced Safety Plan

13. On or about October 25, 2024, CPS received a referral from Opal Autism alleging unexplained injury and marijuana odor on D.Y. Plaintiff provided a full explanation, and law enforcement confirmed appropriate seat use. No further action was taken.
14. On October 27, 2024, Defendants Henderson and law enforcement arrived at Plaintiff's home. She was informed that unless she signed a Safety Plan relinquishing custody, her children would be placed into foster care.
15. Under threat of separation and without legal counsel or judicial review, Plaintiff signed the Safety Plan, which prohibited her from being alone with her children.
16. At no point did Defendants possess a warrant, court order, or demonstrate exigent circumstances justifying such a removal.

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**
**(42 U.S.C. § 1983 – Civil Rights Violations)**

**B. Known Risk of Father and Discriminatory Favoritism**

17. Despite documented criminal history of the children's father — including felony domestic violence, heroin trafficking, and violations of protection orders — Defendants:

- Facilitated the placement of the children with him, and
- Advised him to obtain a protection order against Plaintiff.

18. On November 1, 2024, he filed for an emergency protection order. The court ordered an investigation into abuse allegations but did not authorize child removal or prohibit maternal contact.
19. Nonetheless, IDHW failed to facilitate, or even encourage, contact between Plaintiff and her children from October 27, 2024 through December 31, 2025.

**C. Ignored Exculpatory Evidence and False Reports**

20. On November 7, 2024, D.Y. tested positive for amphetamines. Plaintiff tested negative. Defendants knew the father used Adderall — an amphetamine-based prescription — but did not investigate.
21. Contrary to referral claims, neither child tested positive for marijuana.
22. Defendant McKenna Lowry submitted a court report based solely on Henderson's notes, omitting key facts, falsely claiming "no safety plan existed," and improperly stating Plaintiff could not explain injuries.
23. IDHW took no action to facilitate reunification or visitation, citing internal policy that terminated obligations once a protection order was in place — despite the lack of judicial findings against Plaintiff.

## IV. CLAIMS FOR RELIEF

**COUNT I**
**Violation of Fourth Amendment – Unlawful Seizure**
(Against All Defendants)

24. The forced separation of Plaintiff from her children constituted an unlawful seizure under the Fourth Amendment.
25. Defendants lacked a warrant, court order, consent, or exigent circumstances to justify removal.
26. The Safety Plan was signed under duress and threat, nullifying any claim of voluntary compliance.

**COUNT II**
**Violation of Fourteenth Amendment – Procedural Due Process**
(Against All Defendants)

27. Plaintiff was deprived of a fundamental liberty interest — custody and companionship of her children — without:

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**
**(42 U.S.C. § 1983 – Civil Rights Violations)**

- A pre-deprivation hearing
- A timely post-deprivation hearing
- A meaningful opportunity to challenge the removal

28. Although the initial removal of Plaintiff's children occurred on October 27, 2024, through a coercively obtained Safety Plan executed without a court order or hearing, Plaintiff was never afforded judicial review of that removal. On or about November 1, 2024, following advice from IDHW staff, the children's father obtained an ex parte protection order, which directed IDHW to investigate allegations of abuse. Rather than initiate reunification services or provide Plaintiff with a meaningful opportunity to be heard, IDHW cited the existence of the protection order as a basis to disclaim further responsibility. As a result, Plaintiff remained separated from her children for over a year without ever appearing before a judge to challenge the initial removal or the continuing deprivation of her parental rights.

## COUNT III
## Violation of First Amendment – Right to Familial Association
(Against All Defendants)

29. Defendants' prolonged restriction on contact with Plaintiff's children, absent justification or court findings, violated her fundamental right to familial association.
30. The restriction was not narrowly tailored and lacked compelling justification.

## COUNT IV
## Violation of Fourteenth Amendment – Substantive Due Process
(Against All Defendants)

31. Defendants acted in a manner that shocks the conscience by:

- Coercing the Plaintiff into relinquishing custody
- Ignoring exculpatory evidence
- Favoring a violent and criminally convicted parent
- Submitting knowingly misleading reports to the court
- Deliberately denying contact for over a year

## COUNT V
## Monell Liability – Unconstitutional Policy, Practice, and Custom
(Against IDHW and Canyon County)

32. IDHW and Canyon County maintained systemic practices that:

- Encouraged or tolerated the use of coercive safety plans
- Authorized removals without court approval or warrants
- Trained workers to prioritize expediency over due process
- Failed to supervise or correct unconstitutional behavior

## COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF
## (42 U.S.C. § 1983 – Civil Rights Violations)

33. These practices mirror those identified nationally as abusive family policing strategies that violate constitutional rights and disproportionately affect vulnerable parents.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. Declaratory judgment that Defendants violated Plaintiff's constitutional rights;
B. Compensatory damages in an amount to be proven at trial;
C. Punitive damages against individual defendants;
D. Injunctive relief restraining IDHW and its agents from conducting removals without judicial process;
E. Reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and
F. Any such other relief the Court deems just and proper.

## VI. JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: December 13, 2025

Respectfully submitted,

Bethany Star Niman, ISB No. 12641
BRIGHTS STAR LAW, PLLC
1999 S. 25th E., #1008
Ammon, ID 83406
(208) 223-1618
Bethany.Niman@StarLawID.com
Attorney for Plaintiff

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**
**(42 U.S.C. § 1983 – Civil Rights Violations)**