**CHRISTOPHER D. BOYD, ISB# 9314**
**AARON J. BAZZOLI, ISB # 5512**
Canyon County Prosecuting Attorney
Canyon County Courthouse
1115 Albany Street
Caldwell, Idaho 83605
Telephone: (208) 454-7391
Facsimile: (208) 455-5955
Email: pacivilmail@canyoncounty.id.gov

*Attorneys for Defendant Canyon County*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SARAH WOLFE, <br><br> Plaintiff, <br><br> v. <br><br> IDAHO DEPARTMENT OF HEALTH AND WELFARE; CANYON COUNTY; MONTE HENDERSON, in his individual and official capacities; MCKENNA LOWRY, in her individual and official capacities; TINA GRIFFIN, in her individual and official capacities, <br><br> Defendants. | CASE NO. 1:25-CV-00697-DCN <br><br> **DEFENDANT CANYON COUNTY'S MOTION FOR MORE DEFINITE STATEMENT** |

COMES NOW, Defendant Canyon County, by and through its attorney of record, Aaron Bazzoli, Chief Civil Deputy of the Canyon County Prosecuting Attorney's Office and hereby requests this Court order a more definite statement under Federal Civil Rules 12(e).

Canyon County is identified as a defendant in a complaint filed on or about December 15, 2025, by the above-named Plaintiff. Venue was alleged to have occurred in Canyon County, Idaho, under the Complaint, Section I, Sentence 3. Canyon County is identified as a party and a political subdivision of the State of Idaho "responsible for the oversight of law enforcement who

participated in and enabled the violations at issue." Complaint, Section II, Sentence 9. All other named parties are either the State of Idaho Department of Health and Welfare, or employees for the Idaho Department of Health and Welfare ("IDHW").

The Complaint factually alleges that on October 25, 2024, Child Protective Services (assuming that is what CPS stands for in the Complaint but could also be referring to Caldwell Police Services) received a referral alleging: "an unexplained injury and marijuana odor on D.Y. [D.Y. is only identified as a child of Plaintiff]. Plaintiff provided a full explanation, and law enforcement confirmed appropriate seat use. No further action was taken." Complaint Section III, Sentence 13. The Complaint then alleges that on October 27, 2024, "Defendants Henderson and law enforcement arrived at Plaintiff's home. She was informed that unless she signed a Safety Plan relinquishing custody, her children would be placed into foster care." Complaint Section III, Sentence 14. Plaintiff has not properly identified or provided specific information as to which law enforcement agency or specific officer was present at her home or what specific actions the officer took in furtherance of her causes of action other than their presence at the house. While the Complaint references law enforcement in the allegations, it does not specifically state which law enforcement agency was present at the house as Canyon County, as a political subdivision, does not supervise multiple other law enforcement agencies including the Nampa City Police Department and the Caldwell City Police Department. Plaintiff's complaint fails to specify which law enforcement agency was present at the house and specifically, other than being present, what the law enforcement officer did at the house. Plaintiff's complaint states that Defendants made her sign the safety plan but fails to specify "Defendants" as Canyon County or the IDHW worker, over which Canyon County has no authority.

The Complaint then relies upon much conjecture and argument of actions and allegations and statements made through and to the IDHW workers.

**DEFENDANT CANYON COUNTY'S MOTION FOR MORE DEFINITE STATEMENT**
Page **2** of **5**

The Claims for Relief identified under Section IV, Counts I, II, III and IV are stated to be "Against All Defendants" but none specifically state what "law enforcement" did to violate these rights based upon the allegations in the factual part of the complaint that law enforcement was present with an IDHW worker on October 27, 2024, when a safety plan was entered. Plaintiff in Count V references a "Monell Liability of Unconstitutional Policy, Practice and Custom (Against IDHW and Canyon County) alleging that these defendants; "encouraged or tolerated the use of coercive safety plans, authorized removals without court approval or warrants, trained workers to prioritize expedience over due process, and failed to supervise or correct unconstitutional behavior".

The Complaint itself is confusing and unsupported by any statement of facts supporting the causes of action against Canyon County. Plaintiff alleges that "law enforcement" came to Plaintiff's home the day a safety plan was agreed to by Plaintiff; however, there is nothing that specifically makes that an unconstitutional action taken by law enforcement. The allegation specifically states that the safety plan prohibited her from being alone with her children, not that the children were removed by law enforcement.

In sum, based upon the Complaint for Damages and Declaratory Relief demanding the Court find a violation of Plaintiff's constitutional rights, compensatory damages, punitive damages, injunctive relief, and attorney fees, the Complaint fails to state any action taken specifically by Canyon County law enforcement in support of the allegations. Defendant has identified and detailed the vague and ambiguous allegations or omissions in the Complaint and what defects are present in the Complaint and the details necessary for Defendant Canyon County to properly prepare a responsive pleading.

This Motion is supported by the Memorandum in Support of Defendant Canyon County's Motion for More Definite Statement filed contemporaneously herewith.

DATED this 6th day of January, 2026.

                                              */s/ Aaron J. Bazzoli*
                                              Aaron J. Bazzoli,
                                              Chief Civil Deputy
                                              Canyon County Prosecuting Attorney's Office

Case 1:25-cv-00697-DCN   Document 4   Filed 01/06/26   Page 4 of 5

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on or about this 6th day of January, 2026, I filed foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Bethan Star Niman, Attorney for Plaintiff
1999 South 25th East, #1008
Ammon, Idaho 83406
bethany.niman@StarLawID.com
*Via Email*

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

Idaho Department of Health and Welfare
Attorney General Raul Labrador
Office of the Idaho Attorney General
P. O. Box 83720
Boise, Idaho 83720-0010

Makenna Lowry, LSW
Idaho Department of Health and Welfare
3402 Franklin Road
Caldwell, Idaho 83605

Monte Henderson
Idaho Department of Health and Welfare
3402 Franklin Road
Caldwell, Idaho 83605

Tina Griffin
Idaho Department of Health and Welfare
Children & Family Services
P. O. Box 83720
Boise, Idaho 83702

Juliet Charron, Director
Idaho Department of Health and Welfare
450 West State Street
Boise, Idaho 83720

             */s/ Aaron J. Bazzoli*
             Aaron J. Bazzoli,
             Chief Civil Deputy
             Canyon County Prosecuting Attorney's Office