**CHRISTOPHER D. BOYD, ISB# 9314**
**AARON J. BAZZOLI, ISB # 5512**
Canyon County Prosecuting Attorney
Canyon County Courthouse
1115 Albany Street
Caldwell, Idaho 83605
Telephone: (208) 454-7391
Facsimile: (208) 455-5955
Email: pacivilmail@canyoncounty.id.gov

*Attorneys for Defendant Canyon County*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| SARAH WOLFE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>IDAHO DEPARTMENT OF HEALTH AND WELFARE; CANYON COUNTY; MONTE HENDERSON, in his individual and official capacities; MCKENNA LOWRY, in her individual and official capacities; TINA GRIFFIN, in her individual and official capacities,<br><br>　　　　Defendants. | CASE NO. 1:25-CV-00697-DCN<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT CANYON COUNTY'S MOTION FOR MORE DEFINITE STATEMENT** |

COMES NOW, Defendant Canyon County, by and through its attorney of record, Aaron Bazzoli, Chief Civil Deputy of the Canyon County Prosecuting Attorney's Office and hereby submits its Memorandum in Support of Defendant Canyon County's Motion for a More Definite Statement in accordance with Federal Rules of Civil Procedure 12(e).

**MEMORANDUM IN SUPPORT OF DEFENDANT CANYON COUNTY'S MOTION FOR MORE DEFINITE STATEMENT**

## I. INTRODUCTION

On or about December 15, 2025, Plaintiff filed a Complaint and served it upon Rick Hogabaum, Canyon County Clerk, alleging civil rights violations by the State of Idaho, the Department of Health and Welfare, and other "local actors" for violations of her constitutional rights "resulting from the unlawful and coercive removal of her minor children." [1]

Canyon County is identified in the Complaint as a political subdivision of the State of Idaho "responsible for the oversight of law enforcement who participated in and enabled the violations at issue."[2].   However, other than the phrase "law enforcement," Plaintiff has not identified that it was specifically the Canyon County Sheriff's Office or any employee of Canyon County or Canyon County Sheriff's Office. All other named defendants are either the State of Idaho Department of Health and Welfare, or employees for the State Department of Health and Welfare ("IDHW").

The Complaint factually alleges that on October 25, 2024, Child Protective Services (assuming that is what CPS stands for in the Complaint but could also be referring to Caldwell Police Services) received a referral alleging "an unexplained injury and marijuana odor on D.Y. [only identified previously as a child of Plaintiff]. Plaintiff provided a full explanation, and law enforcement confirmed appropriate seat use.  No further action was taken."[3]  Again, the parties must assume that this was Canyon County Sheriff's Office but there is nothing specific and no explanation or discussion on how this is part of any violation of Plaintiff's constitutional rights by law enforcement.

---

[1] Complaint, Page 1, under section titled "Complaint."
[2] Complaint, Section II, Sentence 9
[3] Complaint Section III., Sentence 13

**MEMORANDUM IN SUPPORT OF DEFENDANT CANYON COUNTY'S MOTION FOR MORE DEFINITE STATEMENT**

The only other mention in the factual allegations regarding "law enforcement" alleges that on October 27, 2024, "Defendants Henderson and law enforcement arrived at Plaintiff's home. She was informed that unless she signed a Safety Plan relinquishing custody, her children would be placed into foster care."[4]  Plaintiff draws a legal conclusion that "At no point did Defendants possess a warrant, court order, or demonstrate exigent circumstances justifying such a removal."[5] At no point in the factual statements does there seem to suggest that the parties unlawfully entered the residence. The factual statement is only that law enforcement arrived at her home. Furthermore, Plaintiff acknowledged that she signed a safety plan, which prohibited her from being alone with her children, or any action taken specifically by Canyon County. The complaint states "Defendants" so one must assume that the actions taken are by all named defendants.

## II. STANDARD OF REVIEW

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order."  Federal Rule of Civil Procedure 12(e).

"Rule 12(e) motions are 'disfavored and rarely granted.' The rule is aimed at unintelligibility rather than lack of detail and is only appropriate when the defendants cannot

---

[4] Complaint Section III., Sentence 14
[5] Complaint Section III., Sentence 16.

**MEMORANDUM IN SUPPORT OF DEFENDANT CANYON COUNTY'S MOTION FOR MORE DEFINITE STATEMENT**

understand the substance of the claim asserted." *Griffin v. Cedar Fair, L.P.*, 817 F. Supp. 2d 1152, 1156 (N.D. Cal. 2011)(internal citations omitted). See, e.g., *Davis v. Amtrak*, 2013 WL 3187385, 2 (N.D.Cal.2013)  "A 12(e) motion should also be denied if the detail sought is obtainable through discovery."). *Martinez v. United States*, No. CIV 13-955-TUC-CKJ, 2014 WL 5792330, at *2 (D. Ariz. Nov. 6, 2014).

### III. ARGUMENT

As demonstrated above, Canyon County cannot find any specific supporting allegation or identification intelligently of what its officers or agents did in violation of Plaintiff's constitutional rights. As a matter of prima facia evidence and pleading, Defendant Canyon County requests this Court take judicial notice under Federal Rule of Evidence 201 that multiple law enforcement agencies operate within Canyon County, which are not under authority or supervised by Canyon County including law enforcement agencies for the City of Nampa and City of Caldwell. Plaintiff has failed to properly identify in the Complaint the specific law enforcement agency in attendance with IDHW on the 27th day of October 2024.

Plaintiff also fails to specify the actions taken by law enforcement on October 27, 2024. The only statement that seems to make any connection is that law enforcement arrived at Plaintiff's house. All other allegations are attributed to "Defendants" which are different agencies and different parties not under the control of Canyon County. Plaintiff has not properly identified or provided specific information as to which law enforcement agency or specific officer was present at her home, whether they entered her home without her consent, whether law enforcement specifically made any statements or what specific actions the officer took in furtherance of her cause of actions. The statements about signing the safety plan are not attributed to any specific defendant.  Further, the allegation is that the safety plan only required that she not be alone with

**MEMORANDUM IN SUPPORT OF DEFENDANT CANYON COUNTY'S MOTION FOR MORE DEFINITE STATEMENT**

the children, the facts in this paragraph do not state that the children were taken by IDHW or by a Canyon County Sheriff's officer or employee.

Further, the most specific Monell Liability Cause of action under Section IV, Count V of the Complaint, fails to identify any facts specific to Canyon County under the Introduction and Factual Allegations supporting how and what Canyon County specifically did to "maintain systemic practices that: encourage or tolerated the use of coercive safety plans, authorized removes without court approval or warrants, trained workers to prioritize expediency over due process, failed to supervise or correct unconstitutional behavior."[6]

There is simply no introduction of facts in the Complaint, other than what Plaintiff experienced, that supports an allegation of systemic practices of unconstitutional policies, practices, or customs by Canyon County that support this cause of action and therefore Defendants Canyon County request this Court order Plaintiff to make a more definitive statement supporting actions taken by Canyon County law enforcement in support of a systemic claim.

## IV. CONCLUSION

Defendants Canyon County understands that generally Motions for a More Definitive Statement are disfavored under federal pleading rules, however, Plaintiff's complaint is too vague and lacks specific statements as to the identification of the responding law enforcement agency, its actions, or any constitutional violations specific to Canyon County or its employees. Any answer filed at this point would have to simply be a general denial for lack of information and belief with which to answer as there are no specific allegations of exactly who or what law enforcement and Canyon County did to violate any rights of Plaintiff.  The lack of specific statements makes the answer nonsensical and without any substance until Plaintiff clearly defines

---

[6] Complaint, Section IV, Count V, page 4.

**MEMORANDUM IN SUPPORT OF DEFENDANT CANYON COUNTY'S MOTION FOR MORE DEFINITE STATEMENT**

and identifies the law enforcement agency that took actions in this matter and what those specific factual allegations are to support her Complaint.

WHEREFORE, Defendant Canyon County requests this Court to order Plaintiff to properly identify the parties and make a more definitive statement about the actions or statements made by Canyon County law enforcement or any of its employees in support of the allegations of constitutional violations.

DATED this 6th day of January, 2026.


*/s/ Aaron J. Bazzoli*
Aaron J. Bazzoli,
Chief Civil Deputy
Canyon County Prosecuting Attorney's Office

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on or about this 6th day of January, 2026, I filed foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Bethan Star Niman, Attorney for Plaintiff
1999 South 25th East, #1008
Ammon, Idaho 83406
bethany.niman@StarLawID.com
*Via Email*

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

Idaho Department of Health and Welfare
Attorney General Raul Labrador
Office of the Idaho Attorney General
P. O. Box 83720
Boise, Idaho 83720-0010

Makenna Lowry, LSW
Idaho Department of Health and Welfare
3402 Franklin Road
Caldwell, Idaho 83605

Monte Henderson
Idaho Department of Health and Welfare
3402 Franklin Road
Caldwell, Idaho 83605

Tina Griffin
Idaho Department of Health and Welfare
Children & Family Services
P. O. Box 83720
Boise, Idaho 83702

Juliet Charron, Director
Idaho Department of Health and Welfare
450 West State Street
Boise, Idaho 83720

*/s/ Aaron J. Bazzoli*
Aaron J. Bazzoli,
Chief Civil Deputy
Canyon County Prosecuting Attorney's Office

**MEMORANDUM IN SUPPORT OF DEFENDANT CANYON COUNTY'S MOTION FOR MORE DEFINITE STATEMENT**