Bethany Star Niman
ISB 12641
1999 S. 25th East
Ammon, ID 83406
208-223-1618
Bethany.Niman@StarLawID.com

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SARAH WOLFE, | ) |
|     Plaintiff, | ) CASE NO. 1:25-cv-00697-DCN |
| vs. | ) PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANTS' MOTION TO DISMISS |
| IDAHO DEPARTMENT OF HEALTH AND WELFARE; CANYON COUNTY; MONTE HENDERSON, in his individual and official capacities; MAKENNA LOWRY, in her individual and official capacities; TINA GRIFFIN, in her individual and official capacities; BENITA MILLER, in her individual and official capacities as Trial Court Administrator; JANE OR JOHN DOES 1-5, unknown Canyon County employees acting under the color of law. | ) |
|     Defendants. | ) |

Plaintiff Sarah Wolfe, through counsel, respectfully moves this Court for an extension of time to file her response to Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 6(b)(1)(B). This request is based on excusable neglect and is made in good faith.
Plaintiff requests an extension of 14 days from the current deadline within which to file her response.

MEMORANDUM IN SUPPORT
I. Legal Standard
Under Federal Rule of Civil Procedure 6(b)(1)(B), when a deadline has passed, a court may extend the time for an act to be completed upon a showing of excusable neglect.
The Supreme Court has held that the determination of excusable neglect is an equitable one that considers:
   1. The danger of prejudice to the opposing party;

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANTS' MOTION TO DISMISS**                                                                           Page 1 of 3

2. The length of the delay and its potential impact on judicial proceedings;
3. The reason for the delay, including whether it was within the reasonable control of the movant; and
4. Whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

II. Circumstances Constituting Excusable Neglect

Plaintiff's counsel was unexpectedly unavailable during the briefing period due to professional and travel obligations that reasonably interfered with the timely preparation of Plaintiff's response.

Prior to the current deadline, Plaintiff's counsel had been scheduled to begin a two-day criminal defense jury trial. In preparation for that trial, counsel and the defendant engaged in extensive trial preparation in anticipation that the matter would proceed before a jury.

Although the matter ultimately resolved the day before trial through a negotiated change of plea, counsel and the defendant had diligently prepared for trial and reasonably anticipated that the trial would proceed.

Immediately following those preparations, counsel departed for previously scheduled international travel from February 27, 2026, through March 7, 2026, during which counsel had limited ability to complete and file the required briefing.

Due to the combination of:
- intensive trial preparation,
- last-minute resolution of the criminal matter, and
- counsel's absence from the country,

Plaintiff's response brief could not reasonably be completed before the deadline.

III. The Pioneer Factors Favor Granting an Extension

All relevant factors weigh in favor of granting the requested extension.

First, Defendants will not be prejudiced by a short extension of time.

Second, the requested delay is minimal and will not significantly impact the Court's schedule.

Third, the delay resulted from professional obligations and pre-scheduled travel, not from disregard of court deadlines.

Fourth, Plaintiff and her counsel have acted in good faith and promptly sought relief from the Court once the conflict became apparent.

Courts routinely grant extensions under similar circumstances involving trial preparation or unavoidable scheduling conflicts.

IV. Requested Extension

Plaintiff respectfully requests that the Court extend the deadline for filing Plaintiff's response to Defendants' Motion to Dismiss by fourteen (14) days, or to a date the Court finds appropriate.

V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion and extend the deadline for Plaintiff to file her response to Defendants' Motion to Dismiss.

Dated: March 7, 2026                             Respectfully submitted,

                                                 /s/ Bethany S. Niman
                                                 Bethany Star Niman, ISB No. 12641
                                                 BRIGHTS STAR LAW, PLLC
                                                 1999 S. 25th E., #1008
                                                 Ammon, ID 83406
                                                 (208) 223-1618
                                                 Bethany.Niman@StarLawID.com
                                                 Attorney for Plaintiff

CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on March 7, 2026, I electronically filed the foregoing document using the U.S. District Court system. Notice will automatically be electronically mailed to the following individuals who are registered with the U.S. District Court CM/ECF System:

| | |
|---|---|
| *Joseph M. Aldridge*<br>ISB #9194;<br>jma@sgaidaho.com<br>Special Deputy Attorney General<br>SCANLAN GRIFFITHS + ALDRIDGE<br>913 W. River Street, Suite 310 Boise, Idaho 83702<br>Telephone (208) 991-1200<br>Fax (208) 908-0043<br>*Attorneys for Idaho Department of Health and Welfare, and Monte Henderson, Makenna Lowry, and Tina Griffin in their official and individual capacities.* | ☐ U.S. Mail, Postage Prepaid<br>☐ Facsimile<br>☒ ECF/Email |

Aaron J. Bazzoli,
Chief Civil Deputy
Canyon County Prosecuting Attorney's Office
Email: pacivilmail@canyoncounty.id.gov
Attorneys for Defendant Canyon County

_____<br>
Bethany Star Niman

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANTS' MOTION TO DISMISS**