Bethany Star Niman
ISB 12641
1999 S. 25th East
Ammon, ID 83406
208-223-1618
Bethany.Niman@StarLawID.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SARAH WOLFE, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 1:25-cv-00697-DCN |
| | ) |
| vs. | ) PLAINTIFF'S RESPONSE IN |
| | ) OPPOSITION TO DEFENDANT CANYON |
| IDAHO DEPARTMENT OF HEALTH | ) COUNTY'S MOTION TO DISMISS |
| AND WELFARE; CANYON COUNTY; | ) |
| MONTE HENDERSON, in his individual | ) |
| and official capacities; MAKENNA | ) |
| LOWRY, in her individual and official | ) |
| capacities; TINA GRIFFIN, in her | ) |
| individual and official capacities; BENITA | ) |
| MILLER, in her individual and official | ) |
| capacities as Trial Court Administrator; | ) |
| JANE OR JOHN DOES 1-5, unknown | ) |
| Canyon County employees acting under | ) |
| the color of law. | ) |
| | ) |
| Defendants. | ) |

## I. INTRODUCTION

Defendant Canyon County seeks dismissal under Fed. R. Civ. P. 12(b)(6) by characterizing the

Amended Complaint as devoid of factual allegations tying the County to the constitutional

violations at issue. That characterization is incorrect.

The Amended Complaint alleges that Canyon County, through its law enforcement personnel,

court-related functions, and coordinated practices with Idaho Department of Health and Welfare

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CANYON COUNTY'S
MOTION TO DISMISS**                                        **Page 1 of 6**

("IDHW"), participated in and facilitated the warrantless and coercive removal of Plaintiff's children through a "safety plan" imposed without judicial authorization or exigent circumstances. These allegations plausibly state claims under 42 U.S.C. § 1983 and satisfy federal pleading standards.

At this stage, the Court must accept the factual allegations as true and draw all reasonable inferences in Plaintiff's favor. *Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)*; *Ashcroft v. Iqbal, 556 U.S. 662 (2009)*.

Accordingly, Canyon County's motion should be denied.

## II. LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint need only contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Twombly, 550 U.S. at 570*.[1]

A claim is plausible when the pleaded facts permit a reasonable inference that the defendant is liable. *Iqbal, 556 U.S. at 678*.[1]

At this stage:

- All factual allegations must be accepted as true.

- All reasonable inferences must be drawn in Plaintiff's favor.

- Dismissal is improper where claims are plausibly alleged, even if disputed.

### III. ARGUMENT

### A. The Amended Complaint Plausibly Alleges Canyon County Participation

Canyon County argues that Plaintiff fails to identify specific County actors. This argument improperly demands evidentiary detail not required at the pleading stage.

The Amended Complaint alleges that:

- law enforcement officers accompanied IDHW during the October 27, 2024 encounter;

- Plaintiff was coerced into signing a safety plan under threat of immediate removal;

- the removal occurred without a warrant, court order, or exigent circumstances;

- County actors participated in or acquiesced to these actions.

These allegations plausibly support County involvement in the unconstitutional seizure of Plaintiff's children. At the pleading stage, Plaintiff is not required to identify each officer by name prior to discovery.

### B. Plaintiff Adequately Pleads Municipal Liability Under *Monell*

A municipality may be liable under § 1983 when a constitutional violation is caused by an official policy, custom, or practice. *Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)*.[1] Municipal liability attaches where:

- the action implements official policy;

- the conduct reflects a longstanding custom; or

- a policymaker ratifies the conduct.

*Monell, 436 U.S. at 690–91.*

The Amended Complaint alleges that Canyon County:

- maintained practices of cooperating with IDHW removals without judicial process;

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CANYON COUNTY'S MOTION TO DISMISS**                                    **Page 3 of 6**

- tolerated or encouraged coercive safety plans;

- failed to supervise or correct unconstitutional conduct;

- acted in coordination with state actors to effectuate removals.

These are precisely the types of allegations that support *Monell* liability at the pleading stage. See also *City of Canton v. Harris, 489 U.S. 378 (1989)* (failure to train and supervise may establish policy).

Canyon County's argument improperly attempts to impose a heightened pleading requirement that is inconsistent with federal law.

## C. County Liability Is Not Defeated by Characterizing Actors as "State Employees"

Canyon County argues that court personnel and administrators are state actors and therefore cannot support County liability. Even if certain actors are state employees, that does not eliminate County liability for its own conduct.

Plaintiff alleges:

- County law enforcement participation;

- County-level coordination with IDHW;

- County customs and practices facilitating removals.

Municipal liability does not depend on whether every participant is a County employee, but whether County policy or practice was a "moving force" behind the violation. *Monell, 436 U.S. at 694*.[1]

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CANYON COUNTY'S MOTION TO DISMISS**                    **Page 4 of 6**

Moreover, joint action between state and local actors may give rise to liability where constitutional violations are collectively carried out.

## D. The Complaint Adequately Alleges Constitutional Violations

The Ninth Circuit has clearly established that removing children from a parent without a warrant, court order, or exigent circumstances violates the Constitution.

*Wallis v. Spencer, 202 F.3d 1126 (9th Cir. 2000)Keates v. Koile, 883 F.3d 1228 (9th Cir. 2018)*

Plaintiff alleges exactly such conduct:

- coercive safety plan obtained under threat;

- no judicial authorization;

- no exigent circumstances.

These allegations plausibly state violations of the Fourth and Fourteenth Amendments.

## E. Canyon County Improperly Seeks Resolution of Factual Disputes

Canyon County's motion relies on disputing facts, including:

- whether law enforcement was involved;

- whether Plaintiff consented;

- which agency participated.

Such disputes cannot be resolved on a Rule 12(b)(6) motion. The Court's role is limited to assessing plausibility—not weighing evidence. *Iqbal, 556 U.S. at 678*.[1]

## F . Plaintiff Is Entitled to Discovery

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CANYON COUNTY'S MOTION TO DISMISS**                              **Page 5 of 6**

Where a complaint plausibly alleges municipal liability, dismissal prior to discovery is inappropriate. The identities of individual officers and the specifics of County policies are properly developed through discovery.

IV. CONCLUSION

Plaintiff's Amended Complaint plausibly alleges that Canyon County, through its officers, customs, and coordinated practices, participated in unconstitutional child removal without due process.

Because the pleading satisfies federal standards and states viable claims under § 1983, Defendant Canyon County's Motion to Dismiss should be DENIED.

Dated: March 23, 2026                          Respectfully submitted,

Bethany Star Niman, ISB No. 12641
BRIGHTS STAR LAW, PLLC
1999 S. 25th E., #1008
Ammon, ID 83406
(208) 223-1618
Bethany.Niman@StarLawID.com
Attorney for Plaintiff

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CANYON COUNTY'S MOTION TO DISMISS**                          **Page 6 of 6**