U.S. COURTS

SEP 29 2026

Rcvd____Filed____Time____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

**Sarah Wolfe, Plaintiff Pro Se**
Mailing Address: P.O. Box 5024 Boise, ID 83706
E-mail: alissa6621@yahoo.com
Telephone: 208-841-8882

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

SARAH WOLFE,
Plaintiff,
v.
IDAHO DEPARTMENT OF HEALTH AND WELFARE; CANYON COUNTY;
MONTE HENDERSON, in his individual and official capacities;
MCKENNA LOWRY, in her individual and official capacities; and
TINA GRIFFIN, in her individual and official capacities,
Defendants.

**Case No. 1:25-cv-00697-DCN**

DECLARATION OF SARAH WOLFE IN SUPPORT OF MOTION TO REOPEN

I, Sarah Wolfe, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Plaintiff in this action and am now proceeding without counsel.

2. I did not intend to abandon my federal civil-rights action.

3. Former counsel Bethany Star Niman initiated the federal action and developed the original federal theories concerning the October 2024 IDHW intervention.

4. After counsel ceased representing me, I assumed responsibility for a federal case while also litigating and appealing the Canyon County custody matter and reconstructing records from IDHW, law enforcement, medical and therapy providers, the GAL, protection-order proceedings, and state-court hearings.

5. I continued working on the federal matter and assembled more specific records so that the allegations can now be tied to dates, actors, documents, and decisions.

6. The Canyon County amended findings state that Monte Henderson made the October 29, 2024 decision to remove R.Y. and D.Y. from my care, implemented the Safety Plan

granting Fabian custody, and advised Fabian to seek a protection order.

7. The IDHW investigation contains both adverse and favorable information, including the vehicle inspection involving Officer Becker and a tablet case, statements from family members, and Fabian's statement that he had not been staying at the family home because he feared I would make up another story about him.

8. I allege that I understood the Safety Plan as coercive because I believed refusing it would result in foster placement.

9. A March 13, 2025 IDHW administrative review reversed the earlier substantiation to unsubstantiated and directed removal of my name from the Child Protection Central Registry.

10. In September 2026, Ombudsman Trevor Sparrow stated that his office did not oversee family-court proceedings because my children had not entered DHW custody, while also acknowledging that the initial safety assessment was the "snowball" that started the "avalanche" and that the prior substantiation review had been overturned.

11. I am not asking the federal court to decide custody, reverse the Idaho judgment, modify parenting time, or invalidate a protection order.

12. I have prepared a proposed Second Amended Complaint that is deliberately narrower than the earlier pleading and is intended to respond directly to Dkt. 22.

13. I respectfully ask the Court to reopen the case and permit me to proceed pro se so that the federal claims can be presented in the defendant-specific form the Court previously authorized.

SARAH WOLFE
9/29/26