U.S. COURTS
NOV 09 2026
Rcvd_____ Filed_____ Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

SARAH WOLFE,
Plaintiff,

v.

IDAHO DEPARTMENT OF HEALTH AND WELFARE; CANYON COUNTY; MONTE HENDERSON; MCKENNA LOWRY; and TINA GRIFFIN,
Defendants.

Case No. 1:25-cv-00697-DCN

**MOTION FOR LEAVE TO FILE REPLY BRIEF OUT OF TIME AND TO FILE SUPPLEMENTAL DECLARATION**

Plaintiff Sarah Wolfe, proceeding pro se, respectfully moves under Federal Rule of Civil Procedure 6(b)(1)(B) and District of Idaho Local Civil Rule 7.1 for leave to file the accompanying Reply in Support of Plaintiff's Motion to Alter or Amend Judgment and Reopen Case (Dkts. 24–27), together with the accompanying Supplemental Declaration.

IDHW filed its opposition (Dkt. 28) on October 20, 2026. Local Civil Rule 7.1(b)(3) allows a reply within fourteen days after service of the response. Plaintiff recognizes that the ordinary reply period has passed. She does not ask the Court to disregard the rule. She requests a limited enlargement because, while proceeding without counsel, she needed additional time to review the thirteen-page opposition, reconcile its procedural assertions against the docket, and organize the record concerning the transition from counsel, the prior IDHW records requests, and the later production.

The requested reply is limited to issues raised by Dkt. 28. It does not add claims, seek discovery, or attempt to introduce a new operative complaint. The supplemental declaration is offered to provide a more particularized factual explanation of diligence and the records-access history. Plaintiff understands that it is not evidence unless the Court grants leave to consider it.

The delay was not intended to obtain a tactical advantage or prejudice Defendants. The case is closed, no discovery schedule is disrupted, and Defendants will have an opportunity to respond if the Court determines a response is necessary. Plaintiff respectfully requests that the Court accept the attached reply and declaration, or alternatively consider the reply on the existing record and allow a short response period if needed.

DATED: November 8, 2026

Respectfully submitted,

_______________________________

Sarah Wolfe
Plaintiff, Pro Se
[Mailing address] P.O. BOX 5024
[Telephone] BOISE, ID. 83706
[Email] alissa6621@yahoo.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

SARAH WOLFE,
Plaintiff,

v.

IDAHO DEPARTMENT OF HEALTH AND WELFARE; CANYON COUNTY; MONTE HENDERSON; MCKENNA LOWRY; and TINA GRIFFIN,
Defendants.

Case No. 1:25-cv-00697-DCN

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT, FOR RELIEF FROM ORDER OF DISMISSAL, TO REOPEN CASE, AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DKTS. 24–27)**

## I. INTRODUCTION

Defendants' opposition focuses on the June 21, 2026 deadline to file the Second Amended Complaint, but it does not fairly address the separate and controlling timing of Plaintiff's motion for relief from the September 8, 2026 dismissal. Plaintiff filed Dkts. 24–26 on September 29, 2026—twenty-one days after the September 8 dismissal. Dkt. 28 itself confirms those dates. The motion was therefore filed within Rule 59(e)'s twenty-eight-day period measured from the September 8 order.

Plaintiff acknowledges that she did not file the amended complaint by June 21. She does not contend otherwise. The question presented by Dkts. 24–27 is whether the Court should set aside its later dismissal and restore the opportunity to submit the narrower pleading the Court had expressly permitted in Dkt. 22. The missed amendment deadline is relevant to that equitable decision, but it does not convert a motion filed twenty-one days after the dismissal into a motion filed more than three months after that dismissal.

Plaintiff asks for a narrow procedural remedy: restore the action, permit her to proceed pro se, and allow the proposed Second Amended Complaint to be filed for screening under the ordinary rules. She does not ask this Court to modify custody, reverse a state judgment, invalidate a protection order, or sit as an appellate court over the Idaho proceedings.

## II. THE SEPTEMBER 29 MOTION WAS TIMELY UNDER RULE 59(e)

Dkt. 28 repeatedly measures the delay from June 21, the deadline for filing the amended complaint. But Rule 59(e) measures the time for seeking alteration or amendment from entry of the judgment or order challenged. The challenged dismissal was entered September 8, 2026. Plaintiff filed her motion on September 29, 2026. That is twenty-one days later and within Rule 59(e)'s twenty-eight-day period.

The distinction matters. Plaintiff is not asking the Court to excuse a Rule 59(e) motion filed more than twenty-eight days after judgment. She timely invoked Rule 59(e) to challenge the September 8 dismissal. The Court should evaluate the requested relief from that procedural posture rather than treating June 21 as the Rule 59(e) filing deadline.

To the extent the Court concludes that relief from the original court-ordered amendment deadline is also necessary, Plaintiff alternatively relies on Rule 6(b)(1)(B) and Rule 60(b)(1), as stated in Dkts. 24–

27. Plaintiff acknowledges that the original amendment deadline passed and addresses the reason for that failure below. She does not argue that Rule 6 permits an extension of Rule 59(e)'s own deadline.

## III. THE OPPOSITION DOES NOT ACCOUNT FOR THE FULL COUNSEL-TRANSITION AND RECORDS-ACCESS HISTORY

The opposition characterizes Plaintiff's explanation as merely stating that she was busy with state-court litigation. That is incomplete. Plaintiff's explanation is that the federal matter required her to take over a complex civil-rights pleading after the prior attorney-client representation transition, while she was also litigating and appealing the related custody matter and reconstructing the underlying agency and investigative record.

The records-access effort did not begin with Plaintiff's June 30, 2026 request. While Bethany Star Niman represented Plaintiff, Niman also submitted public-records requests to the Idaho Department of Health and Welfare seeking records connected to the child-protection investigation. Plaintiff has consistently identified those earlier attorney-led efforts as part of the history. The precise request dates, scopes, agency acknowledgments, responses, and follow-ups should be established by the original request and response documents, rather than guessed or summarized inaccurately.

The later request provides a separate, documented point in that continuing chronology: on June 30, 2026, Plaintiff submitted IDHW request Patient-2026-436; IDHW completed a production on August 28, 2026, consisting of approximately 316 pages. Plaintiff's subsequent review identified apparent gaps in source-level records, including complete intake/referral/disposition materials, underlying source records, later responsive contacts, and correction or reconciliation history. Because the June 30 request post-dated June 21, Plaintiff does not offer it as the cause of the earlier missed deadline. It demonstrates continued diligence after the deadline and the later arrival of a substantial record requiring review.

The Court should consider the earlier Niman requests and the later Patient-2026-436 production as a chronology, not collapse them into a single June 2026 request. Plaintiff seeks leave to provide a supplemental declaration and the supporting request/response documents to the extent they are available and can be authenticated. Plaintiff does not ask the Court to infer bad faith by IDHW merely from an incomplete production.

## IV. THE PROPOSED AMENDMENT IS A CONCRETE, NARROWER RESPONSE TO DKT. 22

Dkt. 22 identified specific deficiencies: group pleading; failure to identify what each defendant personally did; sovereign immunity as to IDHW and official-capacity damages; the limits of Ex parte Young; qualified immunity; insufficient facts supporting the constitutional theories; and concerns that the requested relief would require federal review of state-court custody decisions.

The proposed Second Amended Complaint materially narrows the case. It does not seek retrospective damages from IDHW as a state agency. It focuses on the individual conduct attributed to Monte Henderson and the October 29, 2024 intervention. It removes the generalized group-pleading approach and does not reassert the children's Fourth Amendment claim, a broad Monell claim, or a conspiracy claim unsupported by particularized facts. It expressly disclaims any request to alter custody or reverse state-court orders.

Plaintiff recognizes that narrowing alone does not establish entitlement to reopen and that Defendants may raise qualified immunity, causation, and jurisdictional defenses. But the proposed pleading is not simply a request to repeat the dismissed allegations. It is the concrete pleading Plaintiff asks the Court to permit so the Court can determine, under Rules 8 and 12, whether the identified facts state a claim against the individual actor.

**V. THE STATE-COURT FINDINGS AND IDHW REVERSAL ARE CORROBORATIVE CONTEXT, NOT A REQUEST FOR FEDERAL APPELLATE REVIEW**

The March 18, 2026 amended findings in CV14-24-11146 identify Henderson as the IDHW actor who made the October 29, 2024 decision, implemented the Safety Plan placing the children with their father, and advised the father to seek a protection order. The findings also discuss deficiencies in the agency's investigation and report. Plaintiff offers the findings for the limited purpose of identifying the chronology and corroborating the existence and consequences of the intervention—not as a binding adjudication of federal liability.

Likewise, the March 13, 2025 IDHW administrative review reversed the earlier substantiation to unsubstantiated. Plaintiff does not contend that the reversal, standing alone, proves a constitutional violation. It is later corrective context relevant to the reliability and consequences of the agency action.

The federal claim remains directed to the alleged conduct of a state actor during the October 29 intervention. Plaintiff is not asking this Court to review the correctness of the later custody judgment. This distinction is consistent with the limitation Plaintiff has repeatedly stated in Dkts. 24–27.

**VI. THE COURT CAN GRANT LIMITED RELIEF WITHOUT DECIDING THE MERITS**

Reopening would not decide liability, defeat qualified immunity, or require discovery. It would restore the case to the pleading stage and allow the Court to assess the proposed amended complaint under the governing rules. Defendants retain all defenses. The Court may screen the proposed pleading, require further clarification, or dismiss any claim that remains legally deficient.

Plaintiff accepts responsibility for missing the June 21 deadline. She asks the Court to weigh that failure against the prompt filing of her Rule 59(e) motion after the September 8 dismissal, her continuing efforts to obtain and organize the underlying IDHW record, the counsel-transition circumstances, the narrower proposed pleading, and the absence of any identified litigation prejudice from allowing a pleading to be screened.

**VII. REQUEST FOR RELIEF**

Plaintiff respectfully requests that the Court:

1. Grant leave to file the accompanying reply out of time;
2. Grant leave to consider the accompanying supplemental declaration and any properly authenticated supporting records;
3. Grant the relief requested in Dkts. 24–27 by setting aside or modifying Dkt. 23 and restoring the action to active status;
4. Permit Plaintiff to proceed pro se;
5. Grant leave to file the proposed Second Amended Complaint, subject to the Court's direction concerning Local Civil Rule 15.1 and any comparison copy; and
6. Alternatively, if the Court declines to reopen on the present record, permit a short, specifically defined period to submit the original Niman IDHW request/response chain and a complete comparison copy before ruling.

DATED: November 8, 2026

Respectfully submitted,

Sarah Wolfe
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

SARAH WOLFE,
Plaintiff,

v.

IDAHO DEPARTMENT OF HEALTH AND WELFARE; CANYON COUNTY; MONTE HENDERSON; MCKENNA LOWRY; and TINA GRIFFIN,
Defendants.

Case No. 1:25-cv-00697-DCN

**SUPPLEMENTAL DECLARATION OF SARAH WOLFE**

I, Sarah Wolfe, declare under penalty of perjury under 28 U.S.C. § 1746:

1. I am the Plaintiff in this action. I make this declaration from my personal knowledge.

2. Bethany Star Niman represented me in the related Canyon County proceedings and initiated this federal civil-rights action concerning the October 2024 IDHW intervention.

3. While Bethany Niman represented me, she also submitted public-records requests to the Idaho Department of Health and Welfare seeking records connected to the child-protection investigation and the events underlying this federal action. I understand those requests to be part of the earlier efforts to obtain the agency records. I am working to assemble the original request copies and IDHW's responses so the dates, scope, and response history can be shown accurately. I do not state a request date or response date here unless supported by the original document.

4. On June 30, 2026, I submitted a later IDHW records request that was processed as Patient-2026-436. IDHW completed a production on August 28, 2026, consisting of approximately 316 pages.

5. After reviewing that production, I identified categories of source-level records that appeared to be missing or incomplete, including intake/referral/disposition materials, underlying source records, later responsive contacts, and correction or reconciliation history. I do not claim that the production gaps, by themselves, establish intentional misconduct.

6. I acknowledge that the Court's May 22, 2026 order allowed thirty days to file a Second Amended Complaint and that I did not file it by the June 21, 2026 deadline. I did not intend to abandon this federal case.

7. After the representation transition, I had to take responsibility for understanding the federal court's order and rules, organizing the underlying IDHW and investigative records, and preparing a narrower federal pleading while also handling the related state-court proceedings and appeal. I was not able to secure replacement counsel.

8. I filed my request for relief from the September 8, 2026 dismissal on September 29, 2026. I did so because I wanted to continue the federal action and submit a narrower complaint responsive to the Court's May 22 order.

9. The proposed Second Amended Complaint is intended to narrow the case to the specific governmental conduct and individual actor presently supported by the records. I am not asking the federal court to decide custody, modify parenting time, reverse a state judgment, or invalidate a protection order.

10. I make this declaration to explain the records-access history, my efforts to continue the federal action, and the circumstances surrounding the missed amendment deadline. I understand that the Court may require the original request and response documents before relying on any particular date or agency action.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: 11/09/26, 2026

______________________________

Sarah Wolfe